UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN APONTE,

        Petitioner,

  v.                                     9:20-CV-0719
                                            (GLS/TWD)
J.E. HARPER,

        Respondent.

---

APPEARANCES:                                    OF COUNSEL:

JOHN APONTE
Petitioner, pro se
00-A-1088
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

HON. LETITIA JAMES                              HANNAH S. LONG, ESQ.
Attorney for Respondent                         Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

### I.   INTRODUCTION

Petitioner sought federal habeas corpus relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet."). On July 24, 2020, the Court granted petitioner thirty days leave to (1) clarify whether he consented to the conversion of his petition and (2) provide information on exhaustion of his state court remedies. Dkt. No. 6, Decision and Order ("July Order"). Petitioner then filed an Amended Petition. Dkt. No. 9, Amended Petition ("Am. Pet.").

Petitioner's actions in filing the Amended Petition indicated his willingness to consent to conversion of his petition. After an initial review, the Court determined that the portions of the Amended Petition challenging petitioner's 2000 conviction needed to be transferred to the Second Circuit Court of Appeals for determination on whether petitioner should be permitted to file a successive habeas petition. Dkt. No. 10, Decision and Order dated 08/31/20 ("August Order"), at 3-6.[1] Further, the Court directed respondent to answer the portion of the Amended Petition challenging petitioner's 2013 parole revocation. *Id.* at 6.

Respondent filed a motion for guidance on the scope of the answer. Dkt. No. 25. The Court directed respondent that the answer was to "focus . . . on what petitioner [wa]s challenging, his 2013 parole denial." Dkt. No. 26, Text Order. Respondent requested, and was granted, permission to file a limited answer. Dkt. No. 28, Letter Motion; Dkt. No. 29, Text Order. Respondent filed an opposition. Dkt. No. 33-5, Memorandum of Law in Opposition; Dkt. No. 33-1, State Court Records ("SCR"); Dkt. No. 33-2 Bates Declaration. Petitioner filed a reply. Dkt. No. 35, Traverse.

Recently, on March 4, 2022, the respondent filed a status report with the Court asserting that the action was now moot. Dkt. No. 40, Notice. Petitioner filed several letters, presumably in response to the status report. Dkt. Nos. 42-44.

## II.   BACKGROUND

Petitioner is incarcerated pursuant to a 2000 conviction from Bronx County for second degree murder. Am. Pet. at 1-2; *see also Aponte v. Cunningham*, No. 1:08-CV-6748, 2010

---

[1] On January 20, 2021, the Second Circuit issued an order denying petitioner's request to file a successive § 2254 petition. Dkt. No. 27, Mandate. Further, the Second Circuit noted that "this [wa]s Petitioner's third motion for leave to file a successive § 2254 petition based on the same or similar medical records and/or other records, where he failed to satisfy § 2244(b)(2)(B)(i) or (ii) . . . [and] Petitioner [was warned] that the continued filing of frivolous or duplicative motions for leave to file a successive § 2254 petition will result in sanctions[.]" *Id.* at 2.

WL 6501283, at *1 (S.D.N.Y. Nov. 2, 2010), *adopting report and rec.,* 2011 WL 1432037 (S.D.N.Y. Apr. 11, 2011) (denying habeas petition challenging the merits of petitioner's underlying state court criminal conviction, specifically that petitioner was incompetent to stand trial and that he received ineffective assistance of counsel).[2]  Petitioner was sentenced to 15 years to life.  SCR at 29.

The Parole Board considered petitioner's release on seven occasions – 2011, 2013, 2016, 2017, 2018, 2019, 2020 – and each time exercised its discretion to deny parole.  SCR at 31-32, 45-46, 115-16, 123-24, 133-34, 136-37, 139-141.  Petitioner has repeatedly stressed that he is specifically challenging his 2013 denial.  Am. Pet. at 14.

However, on November 2, 2021, petitioner was granted parole by the Parole Board.  Dkt. No. 40 at 4.  Petitioner was released from custody on December 13, 2021.  *Id.* at 5; *see also* New York State Department of Corrections and Community Supervision ("DOCCS") Inmate Lookup, nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ3/WINQ130 (last visited 04/07/22); *Shannon v. Venettozzi*, 749 F. App'x 10, 13 (2d Cir. 2018) (taking judicial notice of information contained in DOCCS records);  *Perez v. Lilly*, No. 17-CV-4222, 2018 WL 3768528, at *1 (S.D.N.Y. Aug. 8, 2018) (explaining that the court can take judicial notice of information found on the official DOCCS inmate lookup service website).

### III.   AMENDED PETITION

Liberally construing the amended petition, petitioner argues that he is entitled to federal habeas relief because his due process rights were violated when the 2013 Parole

---

[2] For the sake of clarity, with the exception of the State Court Record (Dkt. No. 33-1) which is separately paginated, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

3

Board relied upon false and fraudulent information to support its decision to deny petitioner's parole.  Am. Pet. at 14; Dkt. No. 9-1 at 7.

Respondent initially argued that the petition should be dismissed and denied as untimely and unexhausted.  Dkt. No. 33-5.  Most recently, respondent contends that the action has been rendered moot given petitioner's release on parole.  Dkt. No. 40.

Petitioner contends that his medical conditions create a continuing collateral consequence that precludes the petition from being considered moot.  Dkt. No. 42 at 2-3; Dkt. No. 43 at 1-2; Dkt. No. 44.[3]

## IV. DISCUSSION

"Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to those cases which present a 'case or controversy.'"  *Islam v. New York State Bd. of Parole*, No. 9:13-CV-0854 (GTS/TWD), 2016 WL 3943668, at *2 (N.D.N.Y. June 2, 2016) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  Accordingly, "in order for there to be a valid exercise of subject matter jurisdiction, a federal court must have before it an actual controversy at all stages of review, not simply at the time it is filed."  *In re Flanagan*, 503 F.3d 171, 178 (2d Cir. 2007).  Therefore, "[a] case becomes moot if, at any stage of the proceedings, it fails to satisfy the case-or-controversy requirement of Article III[.]"  *Kamagate v. Ashcroft*, 385 F.3d 144, 150 (2d Cir. 2004).  "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."  *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).

---

[3]  Petitioner's letter motion, Dkt. No. 42, also asked the Court for legal advice about the utility of receiving a notarized letter from an alleged witness to his underlying criminal activities, for potential use in future legal matters. Dkt. No. 42 at 1-2.  Petitioner is advised that the Court and Clerk's Office do not provide legal assistance or advice. To the extent that Petitioner seeks such assistance or advice, his request is denied.

4

A habeas petition represents the sole legal remedy for a state prisoner seeking to challenge the fact or duration of his imprisonment and requesting immediate or expedited release therefrom. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 500 (1973).

> Habeas petitioners no longer in custody must demonstrate a concrete and continuing injury that is a collateral consequence of detention. *So v. Reno*, 251 F.Supp.2d 1112, 1120 (E.D.N.Y.2003) (internal quotation marks omitted) (citing Spencer, 523 U.S. at 7). There is a presumption of collateral consequences for challenges to criminal convictions; however, no such presumption exists for challenges to other aspects of criminal proceedings. *See Cobos v. Unger*, 534 F.Supp.2d 400, 403 (W.D.N.Y.2008) (holding that petitioner's challenge to denial of parole was rendered moot by his subsequent release to parole).

*Guitierrez v. Laird*, No. 1:05-CV-05135, 2008 WL 3413897, at *1 (E.D.N.Y. Aug. 8, 2008) (dismissing habeas petition as moot where petitioner sought credit for time served but was no longer in federal custody because he had been re-released to parole); *see also Davies v. Goffman*, No. 1:09-CV-7224, 2009 WL 5196134, at *2 (S.D.N.Y. Dec. 21, 2009) (explaining that a habeas petition "does not become moot automatically upon the release of a petitioner from custody; so long as the petitioner continues to demonstrate a live case or controversy, or, in other words, that a concrete and continuing injury that is a collateral consequence of the detention can be remedied by granting the writ exists[.]") (internal quotation marks and citations omitted); *Robinson v. Connell*, No. 9:03-CV-1151 (LEK/VEB), 2008 WL 907318, at *2 (N.D.N.Y. Mar. 31, 2008) (same).

Here, petitioner does not challenge his underlying criminal conviction; instead, he challenges his 2013 parole denial. Because this is not a challenge to petitioner's underlying criminal conviction, the presumption of collateral consequences does not apply. *Guitterrez*, 2008 WL 3413897, at *1. Instead, petitioner must prove "a concrete and continuing injury

5

that is a collateral consequence of the detention [which] can be remedied by granting the writ[.]" *Davies*, 2009 WL 5196134, at *2; *see also So v. Reno*, 251 F. Supp. 2d 1112, 1120-21 (E.D.N.Y. 2003) (explaining the "more demanding standard" the Supreme Court announced for petitioners not challenging their underlying criminal conviction, requiring petitioners to "demonstrate a concrete injury in fact.").

Petitioner claims that constitutional violations stemmed from the Parole Board's actions accepting and relying upon fraudulent testimony, causing the Parole Board to continually deny him parole and inappropriately incarcerate him. However, petitioner's injury ceased on the day he was released on parole. Therefore, the case or controversy requirement is no longer satisfied, and the case is moot. *See Robinson*, 2008 WL 907318, at *2 (dismissing petition as moot after petitioner's release to parole because petitioner "failed to demonstrate a continuing concrete injury as the result of the alleged miscalculation of his release dates that might have been remediable by the writ.").

To the extent that petitioner claims that he is still injured by his parole denial as evidenced by his continual pursuit to receive medical attention for a neurological condition which he claims DOCCS ignored during his incarceration, such claims are insufficient to establish the collateral consequences previously referenced by the Court. Dkt. No. 42 at 2-3; Dkt. No. 43 at 1-2; Dkt. No. 44. First, petitioner's claims about his medical injuries and their causation are, at best, speculative. Second, granting the petition would not provide petitioner with any remedy regarding his medical condition. "The traditional function of the writ [of habeas corpus] is to secure release from illegal custody . . . [however], the relief that the petitioner seeks, which sounds in habeas, will not redress the alleged harm that he suffered, which sounds in tort." *Yearwood v. Barr*, 391 F. Supp. 3d 255, 260 (S.D.N.Y. 2019) (internal

6

quotation marks and citations omitted).  Therefore, even assuming petitioner's medical ailments could be considered a concrete collateral consequence related to his parole denial, succeeding in the pending petition would only provide him with release, not with medical intervention or damages for any harm that he incurred or from which he continues to suffer. *See Davies*, 2009 WL 5196134, at *2 ("Where the grounds for habeas relief will not redress collateral consequences, a habeas petition does not continue to present a live controversy once the petitioner is released[.]") (quotation marks and citations omitted).  Petitioner presumably sought to have the Parole Board stop relying on fraudulent information, grant him parole, and release him from continued incarceration.  He has been granted parole and he remains at liberty to date.  Accordingly, there is nothing more for this Court to do as is related to petitioner's habeas action.

Furthermore, there is no readily apparent exception to the mootness doctrine that applies, especially that his circumstance is "capable of repetition yet evading review."  *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540 (2018).  Such exception applies "only if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again."  *Id.* (internal quotation marks and citations omitted).

In order for the second prong of this exception to be true, it would assume that petitioner was violated and subjected to subsequent parole hearings where the same proof might be again presented before the Parole Board.  In similar circumstances, the prospect of re-incarceration has been insufficient to establish a continuing concrete injury.  *See Spencer*, 523 U.S. at 15 (rejecting arguments that the impact of parole violations on subsequent parole proceedings is a sufficient collateral consequence because said argument hinges on

7

individuals "violating the law, getting caught, and being convicted," and such individuals "are able – and indeed [are] required by law – to prevent such a possibility from occurring.") (citing *Lane v. Williams*, 455 U.S. 624, 632 n.13 (1982)); *see also O'Shea v. Littleton*, 414 U.S. 488, 497 (1974) (""[W]e are nonetheless unable to conclude that the case-or-controversy requirement is satisfied by general assertions or inferences that in the course of their activities respondents will be prosecuted for violating valid criminal laws.  We assume that respondents will conduct their activities within the law and so avoid prosecution and conviction[.]").  Because the Supreme Court presumes individuals will act in a lawful way, there is no reasonable expectation that petitioner will find himself in a similar situation again because it would first require him to act in an unlawful manner.  Therefore, petitioner is unable to establish both prongs of the mootness exception.

**V.    CONCLUSION**

**WHEREFORE**, it is

**RECOMMENDED** that the amended petition, Dkt. No. 9, is **DISMISSED** as moot; and it is further

**ORDERED** that petitioner's motion for a Court Order, Dkt. No. 42, is **DENIED**; and it is further

**RECOMMENDED** that the Court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); 2d Cir. R. 22.1.

**RECOMMENDED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

DATED: April 11, 2022

_____
Thérèse Wiley Dancks
United States Magistrate Judge